IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02504-REB-MEH

MICHELE DORENE MCLAIN,

    Plaintiff,

v.

MICHAEL DASSART, Correctional Officer La Vista Correctional Facility,

    Defendant.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's Motion to Stay Discovery [filed May 17, 2013; docket #36]. The motion has been referred to this Court for disposition [docket #37]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, Defendant's motion is **granted**.

**I.    Background**

    Plaintiff, an inmate at the Denver Women's Correctional Facility, originated this action on September 20, 2012, and is proceeding *pro se*. In essence, Plaintiff alleges that Defendant, a correctional officer, sexually assaulted and harassed her. *See* Complaint, docket #1, at 3-5. On May 8, 2013, the Defendant responded to the Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* docket #31. Then, on May 17, 2013, Defendant filed the present Motion to Stay, asserting that, "discovery should not be allowed until the question of [qualified] immunity is resolved.'" *See id.* at ¶ 4.

**II.    Discussion**

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendant has filed a motion to dismiss the Plaintiff's Complaint asserting, among other defenses, that he enjoys qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendant's Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss.

**III.   Conclusion**

Accordingly, it is hereby ORDERED that Defendant's Motion to Stay Discovery [filed May 17, 2012; docket #36] is **granted**. Discovery in this case is hereby stayed pending the District Court's ruling on Defendant's Motion to Dismiss. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 20th day of May, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge