**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02504-REB-MEH

MICHELE DORENE MCLAIN,

    Plaintiff,

v.

MICHAEL DUSSART, Correctional Officer La Vista Correctional Facility,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on: (1) the **Motion To Dismiss** of the defendant [#31][1] filed May 8, 2013; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#47] filed August 1, 2013. I approve and adopt the recommendation, grant the motion to dismiss, and order that the plaintiff may file an amended complaint.

The plaintiff is proceeding *pro se*. Thus, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

No objections to the recommendation were filed. Thus, I review it only for plain error. *See **Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005). Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The plaintiff, Michele McLain, alleges in her complaint [#1] that she was incarcerated at the La Vista Correctional Facility. According to the complaint, from March 2011 through November 2011, Ms. McLain was sexually assaulted repeatedly by the defendant, Michael Dassart[2], a guard at the La Vista Correctional Facility. Ms. McLain asserts claims under §24-50-116, C.R.S. (governing standards of performance & conduct) and §24-18-108, C.R.S. (governing rules of conduct for public officers & state employees). *Complaint* [#1], pp. 6, 7. Appropriately, the defendant and the magistrate judge give the complaint a liberal interpretation and read the complaint to assert also a claim under the Eighth Amendment.

The magistrate judge concludes that the allegations in the complaint allege sufficiently that Ms. McLain was prevented from exhausting available administrative remedies before filing her complaint. As a result, the complaint is not subject to dismissal for failure to exhaust administrative remedies. In addition, the magistrate judge concludes that Ms. McLain does not have a private right of action under either § 24-50-116, C.R.S. or §24-18-108, C.R.S. I concur.

In addition, the magistrate judge concludes that Ms. McLain has not alleged facts sufficient to support an Eighth Amendment claim because she has not alleged that the

---

[2] In the complaint [#1], the defendant is named as Michael Dassart. In the motion to dismiss [#31], Mr. Dassart states that his surname is Dussart.

offensive touching by Mr. Dassart was conducted in an abusive fashion or with unnecessary force. In addition, the magistrate judge concludes that the facts alleged in the complaint are not sufficient to state an Eighth Amendment claim because Ms. McLain does not allege that she suffered severe physical or psychological harm as a result of the conduct of Mr. Dassart. Under the law established by the United States Court of Appeals for the Tenth Circuit, as repeatedly summarized in the recommendation, I concur.

As noted by the magistrate judge, however, it is possible that Ms. McClain may be able to cure the pleading deficiencies of her Eighth Amendment claim in an amended complaint. Thus, the magistrate judge recommends that Ms. McLain be given an opportunity to file an amended complaint with regard to the Eighth Amendment claim. This recommendation is consistent with applicable law.

However, there is no conceivable amendment Ms. McLain could make that would permit her to state a claim under §24-50-116, C.R.S., or §24-18-108, C.R.S. Thus, these claims must be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#47] filed August 1, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That under FED. R. CIV. P. 12(b)(6), the **Motion To Dismiss** of the defendant [#31] filed May 8, 2013, is **GRANTED** as to the claims of the plaintiff under § 24-50-116, C.R.S., and §24-18-108, C.R.S., and these claims are **DISMISSED** with prejudice;

3. That under FED. R. CIV. P. 12(b)(6), the **Motion To Dismiss** of the defendant [#31] filed May 8, 2013, is **DENIED** as to the argument of the defendant that the

complaint must be dismissed for failure to exhaust administrative remedies;

4.  That under FED. R. CIV. P. 12(b)(6), the **Motion To Dismiss** of the defendant [#31] filed May 8, 2013, is **GRANTED** as to the Eighth Amendment claim, and this claim is **DISMISSED** without prejudice; and

5.  That on or before March 27, 2014, the plaintiff **MAY FILE** an amended complaint alleging facts in support of her claim under the Eighth Amendment.

Dated February 25, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge