IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02504-REB-MEH

MICHELE DORENE MCLAIN,

      Plaintiff,

v.

MICHAEL DUSSART, Correctional Officer La Vista Correctional Facility,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant's Motion to Dismiss Amended Complaint [filed April 9, 2014; docket #55].  Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for recommendation [docket #56].  The motion is fully briefed, and the Court finds that oral argument will not assist in the adjudication of the motion.  Based upon the record herein and for the reasons that follow, the Court RECOMMENDS that Defendant's motion be **GRANTED**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F.

## BACKGROUND

Plaintiff initiated this civil rights lawsuit as a *pro se* litigant incarcerated at the Denver Women's Correctional Facility. (*See* docket #1). Plaintiff filed her initial Complaint on September 20, 2012. (Docket #1.) Defendant's subsequent Motion to Dismiss was granted in part and denied in part by an order adopting the recommendation of this Court, which gave Plaintiff leave to file an amended complaint alleging facts in support of her Eighth Amendment claim. (Dockets 31, 47, 53.) Plaintiff filed her Amended Complaint on March 26, 2014. (Docket # 54.)

## I.      Facts

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiff Michele Dorene McLain in the Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must limit its review to the four corners of the Amended Complaint. *Oxendine v. Kaplan*, 241 F.3d 1271, 1275 (10th Cir. 2001). An amended complaint supercedes the original complaint and eliminates any legal effect of the original. *Franklin v. Kansas Dept. of Corrs.*, 160 F. App'x. 730, 734 (10th Cir. 2005).

Defendant Michael Dussart was a correctional officer (CO) at La Vista Correctional Facility in 2011. During this time, he conducted himself in a manner that led Plaintiff, a prisoner, to feel that she had been "sexually assaulted and harassed" by him. Because of Defendant's conduct, Plaintiff is "scared to take showers, scared of male C/O's[,] male [employees, and] males in general." Plaintiff also suffers from "horrible [recurring] nightmares" and has "severe psychological issues" due to "being sexually harassed and sexually assaulted" by Defendant.

---

App'x 381, 382-83 (10th Cir. 2009).

## II.    Procedural History

Construing the Amended Complaint liberally, Plaintiff asserts these allegations as a claim under 42 U.S.C. § 1983 for violation of the Eighth Amendment's prohibition of cruel and unusual punishment. She does not specifically request damages or injunctive relief, but asks the court to "grant [her] claims." ( Docket # 54 at 3.) The Court construes Plaintiff's request for relief as a request for judgment in her favor.

Defendant moves to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6).  First, he argues that, in contravention of the District Court's order, Plaintiff failed to assert *any* factual allegations to support an Eighth Amendment claim in her amended pleading.  Consequently, Defendant references the original complaint, which alleged that "Defendant watched Plaintiff taking a shower; rubbed and fondled her breast, butt, and genitals; and made sexual comments to her." (Docket # 55 at 3.)  However, the District Court already found these allegations insufficient and, as such, Plaintiff has failed to show a violation of her constitutional rights.  Thus, Defendant claims he is entitled to qualified immunity.  Defendant also contends that Plaintiff should not be granted additional leave to amend her complaint, and he asks this Court to dismiss her claims with prejudice.

In response, Plaintiff repeats her claim that Defendant's conduct violated the Eighth Amendment. For the first time, Plaintiff claims that Defendant sodomized her with his thumb. She references several factual allegations that were consistent with the original Complaint but were absent in the Amended Complaint, stating that Defendant "put his finger inside [her] vagina," "fondle[d] [her] breast, nipples," and "watche[d] [her] take showers." (Docket # 61 at 1.) She notes that she still has not "received any treatment for the tra[u]ma [she lives] with every day/night thanks to [Defendant] assaulting/harassing [her] sexually."  (Docket # 61 at 2.)  Additionally, Plaintiff

3

offers that she is willing to negotiate her settlement amount, which the Court construes as a reference to the request for damages present in the original Complaint but not present in the Amended Complaint. Plaintiff does not explicitly address Defendant's contentions that her allegations do not rise to the level of a constitutional harm or that Defendant is entitled to qualified immunity.

The Court is now sufficiently advised and recommends as follows.

## LEGAL STANDARDS

### I.      Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on

context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded") (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Before proceeding with its analysis, this Court concludes that the Response filed by Plaintiff on May 16, 2014 (docket # 61) is unresponsive to the contentions in Defendant's present motion because it merely reiterates the claim made by Plaintiff in her Amended Complaint and references

the factual allegations made in her original complaint.

Also, to the extent the District Court may accept any new factual allegations made in the response brief, including the allegation of sodomy, the Court finds such allegations were unduly delayed. Typically, a court will engage in a Rule 12(b)(6) analysis when addressing motions to amend; thus, case law addressing motions to amend is persuasive here. Denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman,* 264 F.3d 1017, 1026 (10th Cir. 2001).   The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.  *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank,* 3 F.3d at 1365–66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

Here, after finding the allegations in Plaintiff's original complaint insufficient to state a constitutional claim, the District Court granted Plaintiff leave to amend her complaint to provide factual allegations that would support a claim under the Eighth Amendment, even though she did not mention the Eighth Amendment in her original complaint. (Docket # 47.)  Plaintiff failed to provide any new factual allegations in her Amended Complaint, which also lacked the specificity

6

of her original complaint. (Docket # 55.)  Presumably, Plaintiff was aware of the relevant facts concerning the alleged sexual abuse before this suit was filed, and she has provided no explanation for declining to provide these facts until filing her brief in response to the current motion to dismiss. To the extent that the response was meant to supplement her Amended Complaint with additional factual allegations, it constitutes an undue delay, and this Court finds no cause to allow the response brief to add additional allegations to the Amended Complaint.

Defendant seeks dismissal based on the contention that he is entitled to qualified immunity because Plaintiff's allegations stated in the Amended Complaint do not rise to the level of a constitutional claim under the Eighth Amendment.  First, the Court will determine the validity of this contention.  Second, the  Court will consider whether Plaintiff should be given further leave to amend the operative pleading.

## I.       Failure to State a Claim Under the Eighth Amendment

Plaintiff expressly identifies only one of the three claims for relief listed in her Amended Complaint as brought under the Eighth Amendment.  ( Docket # 54 at 1.) However, for the purposes of this motion, Defendant construes the entire Amended Complaint as asserting a claim pursuant to the Eighth Amendment.  The Court agrees.  Because the treatment a prisoner receives in prison is subject to scrutiny under the Eighth Amendment (*Farmer v. Brennan*, 511 U.S. 825, 832 (1994)), the Tenth circuit typically analyzes the sexual harassment claims of prisoners under the Eighth Amendment.  *See Smith v. Cochran* 339 F.3d 1205 (10th Cir. 2003).  Therefore, the Court construes Plaintiff's Amended Complaint as alleging a single claim pursuant to the Eighth Amendment. Defendant argues that he is entitled to qualified immunity because Plaintiff failed to state a constitutional claim.

7

A.    <u>Qualified Immunity</u>

Qualified immunity protects a public official from litigation when the official's conduct was not clearly a violation of statutory or constitutional rights at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "It is an entitlement not to stand trial or face the other burdens of litigation." *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). "The privilege is an immunity from suit rather than a mere defense to liability." *Id.*

Qualified immunity is designed to shield public officials and ensure "that erroneous suits do not even go to trial." *Hinton v. City of Elwood*, 997 F.2d 774, 779 (10th Cir. 1993) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow*, 457 U.S. at 806-08 (1982); *Pueblo Neighborhood Health Ctrs. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988)). Consequently, courts should address the qualified immunity defense at the earliest possible stage in litigation. *Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).

When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

The Supreme Court has discarded a review process that required courts to examine these questions sequentially, first considering whether a right had been violated, and then second – if the court concluded a right had been violated – whether that right was clearly established at the time of

8

the alleged violation.  *Pearson*, 555 U.S. at 232-35.  *Pearson* instead affords courts the discretion

to decide "which of the two prongs of the qualified immunity analysis should be addressed first in

light of the circumstances in the particular case at hand."  *Id.* at 236; *see also Christensen v. Park*

*City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

Here, the Court considers first whether Plaintiff has alleged sufficient facts to support a

plausible claim that Defendant violated Plaintiff's constitutional right to be free of cruel and unusual

punishment. If the Court finds Plaintiff's allegations sufficient to show a violation of a constitutional

right, the Court will then examine whether Plaintiff's constitutional right was clearly established at

the time of the alleged conduct.

### B.    Whether a Constitutional Right Has Been Violated

"Prison officials are required to provide humane conditions of confinement by ensuring

inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by

taking reasonable measures to guarantee the inmates' safety."  *Barney v. Pulsipher*, 143 F.3d 1299,

1310 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)).  The Tenth Circuit

has held "that an inmate has a constitutional right to be secure in her bodily integrity and free from

attack by prison guards."  *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993).  "To hold prison

officials liable for violating an inmate's right to humane conditions of confinement, two

requirements must be met."  *Barney*, 143 F.3d at 1310.

> First, the deprivation alleged must be objectively "sufficiently serious," depriving the
> inmate of the minimal civilized measure of life's necessities.  Second, the official
> must have a "sufficiently culpable state of mind," which in this context means the
> official must exhibit "deliberate indifference" to a substantial risk of serious harm
> to an inmate. Thus, the deliberate indifference standard in a prison-conditions case
> is a "subjective" and not an "objective" requirement. That is, a prison official is
> liable only if the official knows of and disregards an excessive risk to inmate health
> and safety. It is not enough to establish that the official should have known of the

9

risk of harm.

*Id.* (citations and some internal quotations omitted).  "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind."  *Joseph v. United States Fed. Bur. of Prisons*, No. 00-1208, 2000 WL 1532783, at *1 (10th Cir. Oct. 16, 2000) (unpublished) (citing *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)); *see also Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995).

With respect to the objective prong, "because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain,' that is forbidden by the Eighth Amendment."  *Joseph*, 2000 WL 1532783, at *1.  However, a simple claim that the alleged unwanted touching caused emotional distress "is insufficient to implicate the Eighth Amendment."  *Id.*  The Supreme Court has determined that "not every malevolent touch by a prison guard gives rise to a federal cause of action."  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation omitted).  "An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment."  *Marshall v. Milyard*, No. 10-1104, 2011 WL 285563, at *2 (10th Cir. 2011) (unpublished) (citing *Hudson*, 503 U.S. at 1, 9 (1992)).  The Tenth Circuit has held that if a "[p]laintiff does not allege that the [offensive touching] was conducted 'in an abusive fashion or with unnecessary force,' he does not state a claim under the Eighth Amendment."  *Jackson v. Cen. N.M. Corr. Facility*, 976 F.2d 740, 1992 WL 236921, at *4 (10th Cir. 1992) (unpublished) (quoting *Levoy v. Mills*, 788 F.2d 1437, 1439 (10th Cir. 1986)); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to

be free from sexual abuse, whether at the hands of fellow inmates or prison guards, . . . the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (internal citations omitted)); *Howard v. Everett*, 208 F.3d 218, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished) ( "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain").

With respect to the subjective prong, "an official .... acts with deliberate indifference if [his] conduct ... disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Hovater*, 1 F.3d at 1066. "Deliberate indifference requires 'a higher degree of fault than negligence, or even gross negligence.'" *Id.* (quoting *Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990)). "The 'mere fact that an assault occurs ... does not establish the requisite indifference to a prisoner's constitutional rights.'" *Id.* (quoting *Zatler v. Wainwright*, 802 F.2d 397, 403 (11th Cir. 1986)).

In this case, Defendant argues that Plaintiff failed to provide factual allegations in the Amended Complaint sufficient to support her Eighth Amendment claim. The Court agrees. Plaintiff's Amended Complaint contains only conclusory statements based on factual allegations that were present in the original complaint. To the extent that the factual allegations from the original complaint concerning Defendant's watching Plaintiff shower; fondling her breasts, buttocks, and genitals; and making sexual comments are (impliedly) incorporated by reference in Plaintiff's amended pleading, the District Court has already found these allegations to be insufficient to state a constitutional claim. (Dockets 47 and 53.) In fact, Plaintiff excluded nearly all of her original factual allegations and specificity from the Amended Complaint.

In her response brief, Plaintiff references the "tra[u]ma" she lives with as a result of

Defendant "assaulting/harassing [her] sexually" and states that she still has not "received any treatment" for this trauma (docket # 61), but, again, she does not explain or describe any emotional distress or desired treatment.  Moreover, this statement is inconsistent with the damages she requested in the original complaint for "ongoing medical/mental exspenses [sic] for pain & suffering."  *See* docket #1 at 10.  While Defendant's alleged behavior may be considered offensive, Plaintiff's allegations remain insufficient to state a constitutional claim under prevailing law because she does not allege that she suffered "severe physical and psychological harm" as a result of Defendant's conduct.  *See Joseph*, 2000 WL 1532783, at *1.

In addition, Plaintiff does not allege in the Amended Complaint that Defendant acted "in an abusive fashion or with unnecessary force," as necessary for an Eighth Amendment claim. *See Jackson*, 976 F.2d 740, 1992 WL 236921, at *4. Plaintiff's original allegations were held to be insufficient for a constitutional claim, and her Amended Complaint lacks any allegations of touching at all.  The Amended Complaint also lacks any allegations concerning Defendant using sexually abusive language.  Sexually harassing comments often do not rise to a constitutional level of harm, even when paired with unwanted touching.  *See Joseph*, 232 F.3d 901 at *3.  Concerning the allegations of sexual comments found in the original complaint that are referenced in Defendant's current motion, the allegations involving unwelcome touching and sexually suggestive comments may be repugnant but are not sufficient to demonstrate a constitutional harm.

Accordingly, the Court must conclude that Plaintiff has failed to allege an objectively serious harm constituting a violation of her right to be free from cruel and unusual punishment and, thus, it need not consider whether Defendant acted with a sufficiently culpable state of mind.  Therefore, Plaintiff fails to state a constitutional claim and Defendant is entitled to qualified immunity.  This

Court respectfully recommends that the District Court grant Defendant's motion to dismiss Plaintiff's Amended Complaint.

## II.    Leave to Amend

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). As such, in this jurisdiction, a court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellman,* 935 F.2d at 1109-10. The Court may only dismiss "*sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [them] to amend [their] complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991)).

Here, Defendant argues that this Court's Recommendation – which granted Plaintiff leave to amend her original complaint and provided a roadmap of what Plaintiff must do in order to state an Eighth Amendment claim – was sufficient to put Plaintiff on notice of potential deficiencies and give her an opportunity to amend as required by *Bellman*. 935 F.2d at 1110. This Court agrees. After one motion to dismiss and an opportunity to amend her complaint under the guidance provided in this Court's Recommendation, Plaintiff's Amended Complaint did not contain any elaboration or additional factual support for her claims that was not present in her original complaint. In fact, the Amended Complaint lacked specific factual allegations and requests for relief almost entirely. Therefore, the Court finds that any additional amendments proposed to remedy these deficient

allegations would be futile.  The Court recommends that Plaintiff's Eighth Amendment claim be dismissed for failure to state sufficient facts to support a plausible claim for relief and that she be denied any further leave to amend.

## **CONCLUSION**

In sum, the Court finds that Plaintiff has failed to plausibly allege an Eighth Amendment claim and that her attempts to amend the pleadings to allege facts sufficient to state a claim were unsuccessful.  Accordingly, based upon the foregoing and the entire record herein, this Court respectfully RECOMMENDS that Defendant's Motion to Dismiss [filed April 9, 2014; docket #55] be **GRANTED**.

Entered and dated at Denver, Colorado, this 27th day of May, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

14