**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02504-REB-MEH

MICHELE DORENE MCLAIN,

    Plaintiff,

v.

MICHAEL DUSSART, Correctional Officer La Vista Correctional Facility,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Motion To Dismiss Amended Complaint** [#55]¹ filed April 9, 2014; and (2) the **Recommendation of United States Magistrate Judge** [#63] filed May 27, 2014. No objection to the recommendation has been filed. Therefore, I review it for plain error only. *See **Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).²

The plaintiff is acting *pro se*. Therefore, I construe her filings generously and with the leniency due pro se litigants. See ***Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall***

---

¹ "[#55]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

² This standard pertains even though plaintiff is proceeding *pro* se in this matter. ***Morales-Fernandez***, 418 F.3d at 1122. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

***v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

I perceive no error, much less plain error, in the recommendation of the magistrate judge. As detailed by the magistrate judge, the allegations in the fourth **Amended Complaint** [#54] of the plaintiff are not sufficiently specific to state a claim on which relief can be granted.

At this point, I must determine if the **Amended Complaint** [#54] should be dismissed with prejudice or without prejudice. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." ***Castleglen, Inc. v. Resolution Trust Corp.***, 984 F.2d 1571, 1585 (10th Cir.1993) (citing ***Foman v. Davis***, 371 U.S. 178, 182 (1962)). The plaintiff has made no formal motion to amend her complaint. A district court need not grant leave to amend when a plaintiff fails to make formal motion, and an informal request to amend in response to motion to dismiss is insufficient if it fails to give grounds for proposed amendment. ***Calderon v. Kan. Dep't of Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186-87 (10th Cir.1999).

Nothing in the record indicates that an attempt to amend the complaint yet again would permit the plaintiff to plead her claims adequately when she has not been able to do so in the past. I find and conclude that another attempted amendment of the complaint would be futile. Permitting such an amendment would cause undue prejudice to the defendant and would impose undue delay on everyone involved in this case. Therefore, I conclude that this case must be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#63] filed May 27, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That under Fed. R. Civ. P. 12(b)(6), the corresponding **Motion To Dismiss Amended Complaint** [#55] filed April 9, 2014, is **GRANTED**;

3.  That the **Amended Complaint** [#54] of the plaintiff is **DISMISSED WITH PREJUDICE**;

4.  That **JUDGMENT SHALL ENTER** in favor of the defendant, Michael Dussart, against the plaintiff, Michele Dorene McClain;

5. That the defendant is **AWARDED** his costs, to be taxed by the clerk of the court in the time and manner specified by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6.  That this case is **CLOSED**.

Dated March 2, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

3